**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

METRO URGENT CARE &
FAMILY MEDICAL CENTER,

              Plaintiff,

v.                                   Case No. 21-10394

STATE FARM FIRE AND CAS. CO.,

              Defendant.
_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION IN LIMINE

Plaintiff Metro Urgent Care has filed a motion in limine seeking to prevent Defendant State Farm from introducing evidence at trial in support of one of its asserted affirmative defenses. (ECF No. 39.) The court finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons provided below, the court will deny Defendant's motion in limine.

### I. BACKGROUND

Plaintiff Metro Urgent Care owns a small single-story building in Lincoln Park, Michigan, that houses the medical practice of its proprietor, Dr. Throphilus Ulinfunm. (ECF No. 16, PageID.197.) Dr. Ulinfunm first reported interior damage and roof leak to Defendant State Farm—the property's insurer—on April 7, 2020, and Plaintiff hired a contractor to conduct a temporary repair. (*Id.*) The parties continued to dispute the cause of the leak over the summer of 2020, and Defendant's adjuster, Ray Hester, inspected the roof on three separate occasions. (*See* ECF No. 42, PageID.747.)

Hester subsequently agreed to hire a third-party engineer to inspect the roof on Defendant's behalf. (ECF No. 16-3, PageID.313.) The inspection was scheduled to occur on September 11, 2020. But on Thursday, August 27, 2020, Dr. Ulinfunm contacted State Farm stating that the roof was leaking again. Defendant contends that Dr. Ulinfunm did not indicate during the call to State Farm that he intended to initiate further repairs. (*Id.*)

When heavy rains over the weekend caused further water damage to the building, Dr. Ulinfunm testified he began looking for a roofer who could quickly effectuate a permanent repair to the roof "in order to mitigate any further damage to my business." (ECF No. 16-10, PageID.368.) Dr. Ulinfunm hired a roofer, Lawrence Bird, to fix the active leak, and Bird completed the repairs on Monday, August 31, 2020, ultimately resulting in the replacement of the roof's entire top layer. (ECF No. 19-7, PageID.473; ECF No. 16-9, PageID.353.) Before making repairs, Bird took pictures of the roof to document its condition. (ECF No. 19-10, PageID.488-505.)

The same day the roof was being repaired, August 31, 2021, Plaintiff's counsel mailed a letter to State Farm indicating that Plaintiff would be "replac[ing] the flat roof immediately" to prevent additional damage. (ECF No. 16-9, PageID.353.) Thus, State Farm was unable to complete the planned independent engineering inspection or otherwise inspect the latest leak as it did not receive the letter until after the repairs occurred. (ECF No. 16, PageID.202.)

Plaintiff subsequently filed the present suit seeking to recoup damages it incurred as a result of the leak. Defendant filed a motion for summary judgment, which this court granted in part, and denied in part, in an Opinion and Order dated December 27, 2021.

(*See* ECF No 26.) Plaintiff has now filed a motion in limine, which essentially questions the extent of the court's previous ruling.

## II. DISCUSSION

Plaintiff's motion in limine claims that Defendant should not be allowed to argue at trial that "the abortive [third-party] inspection attempt. . . was a breach of the [insurance] contract['s]" reasonable inspection provision because Plaintiff substantially complied with the provision. (ECF No. 39, PageID.722.) Plaintiff cites a Michigan case, *Rodgers v. JPMorgan Chase Bank NA*, 315 Mich. App. 301, 310, 890 N.W.2d 381, 386 (2016), for the proposition that "Plaintiff's substantial compliance [with] its contractual duties . . . is a question of law" that should be decided by the court and not the jury. (*Id.*, PageID.723.) Plaintiff contends that the court's December 27, 2021 ruling foreclosed Defendant's affirmative defense. Specifically, Plaintiff alleges that the court concluded, as a matter of law, that Plaintiff had *substantially complied* with the reasonable inspection provision of the insurance policy by allowing Hester to inspect the roof on three previous occasions. (*Id.*) Further, Plaintiff argues that evidence regarding Plaintiff's failure to allow a final inspection provision should be excluded by the court under Federal Rule of Evidence 403 as it would be "more prejudicial than probative" given the court's purported ruling. (*Id.*, PageID.722.)

Defendant responds that Plaintiff's "Motion in Limine ignores. . . that this [c]ourt has already ruled that questions of fact exist related to the non-compliance defense, so . . . [the] motion should be denied due to the existence of factual questions." (ECF No. 42, PageID.750.) And Defendant argues that Plaintiff is improperly trying to shoehorn a summary judgment argument against its affirmative defense into a motion in limine after

failing to move for summary judgment by the dispositive motion deadline. (*Id.*) The court

agrees with Defendant.

"Section I" of the "State Farm Businessowner's" Policy issued to Plaintiff

explains a policy holder's duties in the event of a loss:

> (1) You must see that the following are done in the event of loss to
>     Covered Property:
>     . . .
>     (b) Give us prompt notice of the loss. Include a description of
>         the property involved.
>         . . .
>     (d) Take all reasonable steps to protect the Covered Property
>         from further damage, and keep a record of your emergency
>         and temporary repair expenses necessary to protect the
>         Covered Property, for consideration in the settlement of the
>         claim. . . However, we will not pay for any subsequent loss
>         resulting from a cause of loss that is not a Covered Cause
>         Of Loss. Also, if feasible, set the damaged property aside
>         and in the best possible order for examination.
>         . . .
>     (f) *As often as may be reasonably required*, permit us to
>         inspect the property proving the loss and examine your
>         books and records.
>         Also permit us to take samples of damaged and
>         undamaged property for inspection, testing and analysis,
>         and permit us to make copies from your books and records.
>         . . .

(ECF No. 16-2, PageID.251-52 (emphasis added).)

In its summary judgment motion, Defendant argued that "Plaintiff breached the

policy's reasonable inspection provision when it opted to replace the roof before it was

inspected by an independent engineer," but the court's previous ruling considered the

language of this provision, as well as the factual record, and rejected *Defendant's*

argument. *See Metro Urgent Care & Fam. Med. Ctr. v. State Farm Fire & Cas. Co.*, No.

21-10394, 2021 WL 6113387, at *4 (E.D. Mich. Dec. 27, 2021). After "[c]onsidering [the

parties'] opposing arguments, the court [found that] a question of fact remains requiring

4

the issue [of substantial compliance] to go to a jury." *Id.* at 4. The court's ruling contains *no* language indicating an absence of a factual dispute regarding Plaintiff's satisfaction of the policy's inspection provision, in fact, the court ruling explicitly concluded that a factual question regarding the issue exists. *See id* at 10 ("[A] genuine dispute of material fact exists as to whether its decision to completely repair the roof in August 2020 violated the reasonable inspection provision of the property insurance policy issued by Defendant."). So, Plaintiff is simply incorrect when it claims the court dispensed with Defendant's affirmative defense as a matter of law. The court's ruling merely noted that summary judgment was inappropriate because, "[g]iven th[e] factual record, it [was] *possible* for the *factfinder* to conclude that such previous inspection opportunities fulfilled Plaintiff's duty under the policy provision." *See id.* at 5 (emphases added).

Plaintiff also errs when it asserts that Michigan precedent holds that the question of substantial compliance is generally "a question of law" to be decided by the court. The Sixth Circuit has expressly held that "[u]nder Michigan jurisprudence, whether there has been a substantial performance of a contract or, to the contrary, a material breach, is a question of fact for the trier of fact." *In re American Cas. Co.*, 851 F.2d 794 (6th Cir. 1988) (citing *Pratt v. Van Rensselaer*, 209 N.W. 807 (Mich. 1926)). A court may only grant summary judgment on the grounds of substantial compliance "when there is no genuine issue of material fact" regarding the issue. *Sun Valley, Ltd. v. Galyan's Trading Co., LLC*, No. 13-13641, 2014 WL 1030956, at *7 (E.D. Mich. Mar. 17, 2014) (Edmunds, J.). And while Plaintiff cites the Michigan Court of Appeals decision in *Rogers* as supporting its view, even the most cursory review of the decision

reveals it does not stand for the proposition that substantial compliance is generally a question of law, it merely held that the doctrine did not apply to a specific dispute. *See Rodgers*, 315 Mich. App. at 310, 890 N.W.2d at 386 (finding that the "doctrine of substantial compliance" was "inapplicable" to express contractual conditions at issue in the lawsuit).

### III. CONCLUSION

Plaintiff has failed to show that no question of fact exists for the jury to decide with regards to its substantial compliance with the insurance policy's reasonable inspection provision. Because a question of fact exists, Defendant will be allowed to introduce evidence and argue that Plaintiff's decision to replace the roof before a third-party inspection was unreasonable. Furthermore, the court finds that such evidence cannot be excluded under FRE 403 because it is highly probative of a key factual question. Accordingly,

IT IS ORDERED that Plaintiff's "Motion in Limine" (ECF No. 39) is DENIED.

s/Robert H. Cleland                              /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 22, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner                                      /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Civil\21-10394.METROURGENTCARE.MotionInLimine.AAB.docx